THE NATIONAL CITY BANK OF NEW YORK, Plaintiff and Appellee, v. FRANCISCO DEL MORAL Y NADAL ET AL., Defendants and Appellants.

No. 6175.   Argued February 9, 1934.—Decided May 3, 1934.

*José Sabater* for appellants.  *Oscar Souffront* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendants, in an action on two promissory notes, appeal from an adverse judgment and say that the district court erred in holding that the notes executed by Francisco del Moral as agent and attorney in fact of doña Carmen Nadal, widow of del Moral, fall within the exception established by subdivision 6 of section 1247 of the Civil Code, as amended in 1912 (Session Laws, p. 109) (sec. 1232, 1930 ed.), and that, for this reason, the notes so executed were valid. Section 1195 of the Civil Code (sec. 1181, 1930 ed.) as amended in 1912, specifies the rules by which the date of a private instrument is to be determined, so far as third persons are concerned. The principal is then placed in the position of a third person as to contracts made by his agent and attorney in fact in the cases indicated in the final paragraphs of sections 1232 and 1629 (1930 ed.) and subject to the exceptions there specified. By the terms of the final paragraph of section 1232 (1930 ed.), contracts made through agents must be evidenced by authentic documents; but those ''in which the formality of the authentic document may cause prejudicial delay to the nature and rapidity of mercantile traffic, shall be valid.'' The argument for appellants assumes, but fails to show, that the notes in the instant case, unless they come within the exception just quoted, were absolute nullities. We cannot concur in this view. There is no question as to the actual date of the notes, as to the genuineness of the agent's signature, or as to the terms and conditions of the contract. If, as the district court held, the agent's authority to act had not been terminated before he executed the notes, the obligations assumed by him in the name of his principal were binding upon her even though the district judge may have erred in holding that they were valid in any event because they were within the exception referred to in the final paragraph of section 1232 (1930 ed.).

Next appellants say that the district court erred in not holding that the agent's authority to act had terminated

before he executed the notes. Doña Carmen Nadal, shortly before the notes were executed, was, by a stroke of paralysis, rendered incapable of entering into any contract, but was not adjudged to be mentally incapacitated until some time thereafter. Section 1623 of the Civil Code (1930 ed.) specifies a number of ways in which an agency may be terminated. The third group of events which may have that effect are (Italics ours): "3. By death, *interdiction,* bankruptcy, or insolvency of the principal or of the agent." The loss of mental capacity is not mentioned as one of such causes. The framers of the Code may be presumed to have been aware of the difference between mental incapacity and a judicial determination of such a state. This may or may not be a case of *lex scripta* or of *expressio unius.* In the view we take of the case, neither of the questions raised by the first and second assignments and thus far discussed need be definitely determined at this time.

Both notes were renewals of previous obligations. There is no doubt about the authority of the agent and attorney in fact to execute the previous notes. If, as appellants assume, the new notes were void for want of authority to execute the same, then there was no novation of the previous contracts and plaintiff was entitled to recover thereon. Hence, it matters not whether the district court erred in holding that the new notes were within the exception established by subdivision 6 of section 1247, as amended in 1912 (sec. 1232, 1930 ed.), and therefore valid; or in not holding that the agent's authority had terminated before the execution of the said notes.

Appellants' third contention is that the agent and attorney in fact was not authorized to borrow money in conjunction with others and for others. The power of attorney conferred upon the agent and attorney in fact full authority to borrow money and to sign promissory notes. In the absence

630

of any qualification or limitation upon this power, it included the power to borrow money in conjunction with others. All of the obligations in the instant case were joint and several. There is nothing to show that the agent and attorney in fact borrowed money for others and not for his principal.

Appellants' final contention is that the district court erred in not permitting an investigation as to who requested the loan. What the court did was to sustain an objection to a question on cross-examination of a witness for plaintiff. The question was: "Q.—Who applied to the American Colonial Bank for this loan, was it the firm of Del Moral & Co. or Carmen Nadal del Moral or one of the other indorsers?" Counsel for plaintiff cited in support of his objection *National City Bank of N. Y. v. Martinez*, 41 P.R.R. 162. Counsel for the defense made no reply to the objection but took an exception to the ruling of the court without stating the grounds on which the exception was based. If counsel for the defense, in answer to the objection, had made it clear to the court that the question was preliminary to an inquiry as to whether doña Carmen Nadal had received the money borrowed from the bank or as to whether the bank before the making of the note had any knowledge of the fact, if it was a fact, or any reason to believe that doña Carmen Nadal was not to receive the money or any part thereof, a different question would have been presented. If counsel for the defense had asked further questions along the lines just indicated, and if the court by sustaining objections to these questions had closed the door to such an inquiry, this might have been reversible error. The error, if any, in sustaining plaintiff's objection to the single question, *supra,* was, we think, harmless. Any doubt that we might have had upon this point would have been removed by the fact that defendants at no other time made any effort to show that doña Carmen Nadal did not actually receive the

borrowed money and that the bank, before the making of the note, knew that she was not to receive the money nor any part thereof, nor any practical benefit from the negotiation of the loan.

The judgment appealed from must be affirmed.